UNITED STATES, Appellee

v.

Chadrick L. CAPEL, Senior Airmen

U.S. Air Force, Appellant

No. 12-0320

Crim. App. No. S31819

United States Court of Appeals for the Armed Forces

Argued October 10, 2012

February 14, 2013

BAKER, C.J., delivered the opinion of the Court, in which ERDMANN and RYAN, JJ., and COX, S.J., joined. STUCKY, J., filed a separate opinion concurring in part and dissenting in part.

Counsel

For Appellant:  Major Matthew T. King (argued); Captain Shane M. McCammon (on brief).

For Appellee:  Captain Brian C. Mason (argued); Colonel Don M. Christensen and Gerald R. Bruce, Esq. (on brief).

Military Judge:  David S. Castro

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Chief Judge Baker delivered the opinion of the Court.

Appellant was tried by a military judge sitting as a special court-martial.  Contrary to his pleas, he was convicted of signing a false official document, two specifications of larceny, and three specifications of obtaining services by false pretenses, in violation of Articles 107, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 921, 934 (2006), respectively.  The adjudged and approved sentence included a bad-conduct discharge, confinement for six months, forfeiture of $200 pay per month for six months, and reduction to pay grade E-1.  The United States Air Force Court of Criminal Appeals affirmed.  United States v. Capel, No. ACM S31819, 2011 CCA LEXIS 367, at *19, 2011 WL 6372876, at *6 (A.F. Ct. Crim. App. Dec. 16, 2011).

We granted review on the following issue raised by Appellant:

> I.   WHETHER THE LOWER COURT MISAPPLIED UNITED STATES v. FOSLER AND UNITED STATES v. WATKINS IN FINDING THAT, DESPITE FAILING TO EXPRESSLY ALLEGE THE TERMINAL ELEMENT, THE ARTICLE 134 SPECIFICATION HERE STATES AN OFFENSE.

We also specified the following issue:

> II.  WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION FOR MAKING A FALSE OFFICIAL STATEMENT, ARTICLE 107, UCMJ, UNDER THIS COURT'S DECISION IN UNITED STATES v. TEFFEAU, 58 M.J. 62 (C.A.A.F. 2002), AND UNITED STATES v. DAY, 66 M.J. 172 (C.A.A.F. 2008).

2

Our discussion of this case focuses on the specified issue. We conclude that the statements at issue here are not official for the purposes of Article 107, UCMJ.[1]

BACKGROUND

On August 23, 2009, Appellant went to Staff Sergeant (SSgt) Troy Addison's home to play video games and have a few drinks. Having had too much to drink, Appellant slept on a recliner in SSgt Addison's living room. According to SSgt Addison, he left his wallet with his debit card on his kitchen counter. When he awoke the next morning Appellant was gone.

Several days later, SSgt Addison checked his banking account information online and noticed transactions that he did not recognize with six different businesses at which he had not used his card. The unauthorized charges totaled $2100.00. SSgt Addison recalled that Appellant had spent the night six days earlier and had access to his wallet and debit card. Suspecting Appellant, SSgt Addison called Verizon Wireless, where one of the unauthorized transactions had occurred. He provided the operator with Appellant's phone number and asked if there had

---

[1] The granted issue relates to the three specifications under Charge III alleging violations of Article 134, UCMJ. In light of United States v. Humphries, 71 M.J. 209 (C.A.A.F. 2012), we remand this issue to the Air Force Court of Criminal Appeals for a prejudice analysis.

been a recent payment on the account.  The operator verified that the amount of Appellant's phone bill matched the dollar amount charged to SSgt Addison's debit card.

SSgt Addison first reported these offenses to his "shop chief" who "contacted the [first sergeant]."  They told SSgt Addison to cease contact with Appellant and to "go downtown and file an official report."  SSgt Addison proceeded to the Valdosta Police Department and filed a complaint.  He also filed a complaint with Bank of America, his checking account holder.

The Valdosta police initiated an investigation into SSgt Addison's complaint and found that Appellant had used SSgt Addison's debit card to pay for bills and make purchases at a variety of online stores.  Detective Robert L. Renfroe spoke with Appellant by telephone and arranged an interview.  During the interview with Detective Renfroe, Appellant waived his rights, made several exculpatory statements and ultimately denied using SSgt Addison's debit card.  Additionally, Appellant signed a written statement that contained the following, "I did not under any circumstances use his card for any purpose."[2]

---

[2] The specification at issue alleged the following:

> Specification:  In that SENIOR AIRMAN CHADRICK L. CAPEL . . . did, at or near Valdosta, Georgia, on or about 3 December 2009, with intent to deceive, sign an official document, to wit:  A Valdosta Police Department Witness Statement, where

Later, Appellant surrendered himself to civilian authorities and was detained overnight. At some point, civilian authorities decided not to prosecute Appellant. The record does not indicate when Detective Renfroe notified the Air Force Office of Special Investigations or other military authorities, or whether he notified them at all.

At his court-martial, Appellant testified that he never used SSgt Addison's debit card number without authorization and again stated that SSgt Addison had agreed to pay his bills for him. He further claimed that SSgt Addison had agreed to purchase a laptop computer for him in exchange for a PlayStation 3 game console, helped him select a Toshiba Satellite laptop from BestBuy.com, and gave him his debit card number over the phone for payment.

SSgt Addison, on the other hand, testified that although he had lent cash to Appellant in the past, he never used his debit card to pay for Appellant's bills. Specifically, SSgt Addison stated that he had not paid for a laptop from BestBuy.com, or paid a water bill, a cable bill, or a cell phone bill on Appellant's behalf. SSgt Addison also testified that he never

---

> the said SENIOR AIRMAN CHADRICK L. CAPEL claimed that he never used the debit card of Staff Sergeant Troy Addison, which document was totally false and was then known by the said SENIOR AIRMAN CHADRICK L. CAPEL to be false.

used his debit card to make these payments or purchases for Appellant. The members resolved this apparent conflict against Appellant and he was convicted.

## DISCUSSION

In United States v. Spicer, __ M.J. __ (C.A.A.F. 2013), we set forth a framework for determining whether an accused's false statements qualify as official statements for the purposes of Article 107, UCMJ, particularly when such statements are made to civilian authorities.[3] In such a case, an accused may make a false official statement for the purposes of Article 107, UCMJ, if the statement is made "'in the line of duty,' or to civilian law enforcement officials if the statement bears a 'clear and direct relationship' to the [accused's] official duties." Spicer, __ M.J. at __ (12) (citations omitted); United States v. Teffeau, 58 M.J. 62, 69 (C.A.A.F. 2003). Similarly, the statement at issue may be official for such purposes if the one

_____

[3] Specifically, in Spicer, we determined that a statement could be considered official when it fell into one of three categories: (1) where the speaker "make[s] a false official statement in the line of duty or . . . the statement bears a clear and direct relationship to the speaker's official duties"; (2) where the listener "is a military member carrying out a military duty at the time the statement is made"; or (3) where the listener "is a civilian who is performing a military function at the time the speaker makes the statement." __ M.J. at __ (12) (internal quotation marks and citations omitted).

to whom the statement is made "is a civilian who is performing a military function at the time the [accused] makes the statement." Spicer, __ M.J. at __ (12). Here, the record is devoid of any evidence to indicate that Appellant's appearance at the police station and his subsequent statements to Detective Renfroe were pursuant to any specific military duties on Appellant's part. Likewise, there is nothing in this record to indicate that at the time Appellant made the statements, Detective Renfroe was acting on behalf of military authorities or that he was in any other way performing a military function.

The offense in question occurred off base. Appellant's command referred him to the local civilian police for resolution of the matter. And, while theft among military personnel can certainly impact unit morale and good order and discipline, it is the relationship of the statement to a military function at the time it is made -- not the offense of larceny itself -- that determines whether the statement falls within the scope of Article 107, UCMJ, as opposed to 18 U.S.C. § 1001 (2006), or an equivalent state statute. Therefore, we hold that Appellant's statements were not "official statements" for the purposes of Article 107, UCMJ.

United States v. Capel, No. 12-0320/AF

DECISION

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Charge I and the specification thereunder, and as to Charge III and the specifications thereunder.  Charge I and its specification are dismissed.  The findings of guilty to Charge II and the specifications thereunder are affirmed.  The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a determination of whether Appellant has demonstrated prejudice in light of United States v. Humphries, 71 M.J. 209 (C.A.A.F. 2012), with respect to the specifications under Charge III, and if appropriate, for reassessment of the sentence.  If necessary, a rehearing may be authorized.

United States v. Capel, No. 12-0320/AF

STUCKY, Judge (concurring in part and dissenting in part):

The plain and clear language of Article 107, Uniform Code of Military Justice (UCMJ), proscribes the making of "any other false official statement."  10 U.S.C. § 907 (2006).  Appellant's statements to civilian law enforcement agents, investigating allegations of criminal conduct as part of their official duties, were "official statements."  See United States v. Spicer, __ M.J. __ (4) (C.A.A.F. 2013) (Stucky, J., dissenting).  Therefore, I would affirm the judgment of the United States Air Force Court of Criminal Appeals (CCA) affirming Appellant's conviction for making false official statements.

I concur in setting aside the judgment of the CCA with respect to Charge III and its specifications and remanding for further consideration in light of United States v. Humphries, 71 M.J. 209 (C.A.A.F. 2012).