CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL B. MOLL**
**United States Army, Appellant**

ARMY 20120472

Headquarters, Fort Drum
Elizabeth G. Kubala, Military Judge
Colonel Michael O. Lacey, Staff Judge Advocate (pretrial)
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Robert M. Michaels, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

31 July 2013**

----------------------------------
SUMMARY DISPOSITION
----------------------------------

ALDYKIEWICZ, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to obstruct justice, absence without leave, and making a false official statement, in violation of Articles 81, 86, and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, and 907 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged with the exception of the period of confinement, approving confinement for eight months.[*]

---

[*] Appellant had a pretrial agreement wherein the convening authority agreed to "approve no confinement greater than 24 months." "Any other lawful punishment may be approved." The staff judge advocate, in her post-trial recommendation and addendum thereto, recommended approval of the sentence as adjudged. For reasons undisclosed in the record, the convening authority granted appellant a four month reduction in the period of confinement.

** Corrected

MOLL—ARMY 20120472

This case is before this court pursuant to Article 66, UCMJ.  Appellant's sole assignment of error alleges that the military judge abused her discretion by accepting appellant's plea of guilty to making a false official statement, the sole specification of Charge III.  We agree and grant relief in our decretal paragraph.

## BACKGROUND

The factual underpinning of appellant's alleged false official statement is undisputed.  Appellant lied to a Watertown, New York Police Department Detective, Detective ED, who was investigating an allegation of sexual assault against Staff Sergeant (SSG) RAB, an assault that occurred in SSG RAB's off-post residence against another service member, Specialist (SPC) NRL.  Appellant, a witness to the assault, told Detective ED that "Staff Sergeant [RAB] did not touch Specialist [NRL] at all."  During the providence inquiry into appellant's plea, the military judge advised appellant of the elements of false official statement under Article 107, UCMJ; however, "official" was never defined nor was there any discussion with appellant regarding why his statement to a local, civilian detective was "official" for Article 107, UCMJ purposes.  During the plea colloquy, appellant advised the military judge that the civilian detective called him directly to discuss the sexual assault allegations.  Appellant agreed to an interview during which time he provided the false statement.  The only reference to any military interest or involvement was a passing reference by appellant indicating another soldier from his platoon drove him to the police station.  The command relationship, if any, between appellant and the soldier who drove him to the police station was never established.  The record is silent as to any command involvement in the civilian sexual assault investigation at the time of appellant's interview.

## LAW AND DISCUSSION

### A.  ADEQUACY OF FALSE OFFICIAL STATEMENT PLEA

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it."  *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).  We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea.  *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

In *United States v. Capel*, finding an appellant's statements to a civilian police officer not "official" for Article 107, UCMJ purposes, our superior court recently noted:

2

> an accused may make a false official statement for the
> purposes of Article 107, UCMJ, if the statement is made
> "'in the line of duty,' or to civilian law enforcement
> officials if the statement bears a 'clear and direct
> relationship' to the [accused's] official duties." [*United
> States v. Spicer*, 71 M.J. 470, 474 (C.A.A.F. 2013)]
> (citations omitted); *United States v. Teffeau,* 58 M.J. 62,
> 69 (C.A.A.F. 2003). Similarly, the statement at issue may
> be official for such purposes if the one to whom the
> statement is made "is a civilian who is performing a
> military function at the time the [accused] makes the
> statement." *Spicer,* 71 M.J. at 475.

*United States v. Capel*, 71 M.J. 485, 487 (C.A.A.F. 2013). Similar to the accused in *Capel*, appellant's appearance at the Watertown Police Department was not "pursuant to any specific military duties." Likewise, there is nothing in this record to indicate that at the time appellant made the statement, Detective ED "was acting on behalf of military authorities or that [she] was in any way performing a military function." *Id.* Finally, unlike the appellant in *Capel*, who was referred to civilian authorities by the command, no such command referral exists in appellant's case; appellant was contacted directly by civilian authorities and the record is silent as to any command involvement in his decision to subject himself to an interview by Detective ED.

In light of *Spicer* and *Capel*, we find a substantial basis in law and fact to question appellant's guilty plea to false official statement in violation of Article 107, UCMJ. As such, we find the military judge abused her discretion in accepting appellant's guilty plea to Charge III and its Specification and shall set aside the guilty findings of Charge III and its Specification and dismiss Charge III and its Specification.

### B. SENTENCE REASSESSMENT

If we "can determine that, absent the error, the sentence would have been at least of a certain magnitude, then [we] may cure the error by reassessing the sentence instead of ordering a sentencing rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003).

In this case, although the maximum period of confinement is reduced from eleven years to six years, the sentencing landscape has not dramatically changed. Stated another way, a near 50 percent reduction in appellant's maximum confinement exposure, in and of itself, does not constitute a dramatic change in sentencing landscape as landscape encompasses more than just the period of authorized confinement. *See United States v. Pleasant*, 71 M.J. 709, 717–18 (Army Ct. Crim. App. 2012). It includes, among other things, the nature and extent of the aggravation evidence properly before the sentencing authority on the remaining charges and by whom appellant was sentenced (i.e., judge alone versus a panel).

Appellant's lie to Detective ED was the overt act furthering appellant's conspiracy with SSG RAB to obstruct justice. The lie and its intended purpose, to impede the criminal investigation into the SSG RAB's alleged sexual assault of SPC NRL was evidence properly before the sentencing authority and independently admissible without regard to the false official statement charge. In short, the aggravation evidence in appellant's case is unchanged by the set aside of the guilty findings of Charge III and its Specification and dismissal thereof; the lie would still be elicited during the providence inquiry and properly included in the stipulation of fact. Appellant also elected trial by judge alone and we are "more likely to be certain of what a military judge alone would have done than what a panel of members would have done." *United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring in result). Finally, we have experience and familiarity with the remaining charges and can reliably assess what sentence a military judge would have imposed on the remaining findings of guilt. *Id*.

Consequently, we are confident the military judge would have adjudged a sentence no less severe than that approved by the convening authority in this case. Additionally, we find that the sentence approved by the convening authority is appropriate. *See* Article 66(c), UCMJ.

## CONCLUSION

Upon consideration of the entire record and the submissions by the parties, the findings of guilty of Charge III and its Specification are set aside and Charge III and its Specification are DISMISSED. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence, as approved by the convening authority, is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

MOLL—ARMY 20120472

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5