# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOHNATHAN D. SEXTON**
**United States Army, Appellant**

ARMY 20120763

Headquarters, United States Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge
Colonel James F. Garrett, Staff Judge Advocate

For Appellant: Colonel Patricia Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Richard E. Gorini, JA (on brief). Lieutenant Colonel Jonathan F. Potter, JA; Captain Robert N. Michaels, JA (on reply brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

9 October 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

ALDYKIEWICZ, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave [hereinafter AWOL], one specification of making a false official statement, and five specifications of wrongfully using a controlled substance in violation of Articles 86, 107, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for five months. The convening authority approved the sentence as adjudged, crediting appellant with 46 days of confinement credit.

This case is before this court pursuant to Article 66, UCMJ. Appellant's sole assignment of error alleges that the military judge abused his discretion by accepting appellant's plea of guilty to making a false official statement, the Specification of Charge II. We agree and grant relief in our decretal paragraph.

For nearly a year, from 26 July 2010 until 24 July 2011, appellant absented himself from his unit at Fort Benning, Georgia. On 24 July 2011, appellant was outside a bar and falsely identified himself to Detective TB, a civilian police officer. Specifically, appellant identified himself as his brother. The parties do not question the falsity of this statement or appellant's intent to deceive.

During the providence inquiry into appellant's plea, the military judge advised appellant of the elements of false official statement under Article 107, UCMJ. However, the military judge never defined "official" and did not conduct an inquiry with appellant into whether the statement to the detective was "official" within the meaning of Article 107, UCMJ. During the plea colloquy, appellant acknowledged that Detective TB worked for the state of Alabama and was discharging the functions of his office when receiving appellant's false statement. Appellant further noted that the detective had the authority to require an answer or statement from him. Although appellant said that he falsely identified himself because he was in an AWOL status, he also stated that Detective TB did not suspect him of being AWOL. In other words, appellant's military status was unrelated to Detective TB's purpose for asking for his identity.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

In *United States v. Capel*, finding an appellant's statements to a civilian police officer not "official" for Article 107, UCMJ purposes, our superior court noted:

> an accused may make a false official statement for the purposes of Article 107, UCMJ, if the statement is made "'in the line of duty,' or to civilian law enforcement officials if the statement bears a 'clear and direct relationship' to the [accused's] official duties." [*United States v. Spicer*, 71 M.J. 470, 474 (C.A.A.F. 2013)] (citations omitted); *United States v. Teffeau,* 58 M.J. 62, 69 (C.A.A.F. 2003). Similarly, the statement at issue may be official for such purposes if the one to whom the statement is made "is a civilian who is performing a military function at the time the [accused] makes the statement." *Spicer,* 71 M.J. at 475.

2

*United States v. Capel*, 71 M.J. 485, 487 (C.A.A.F. 2013). Appellant pleaded guilty before C.A.A.F. decided *Capel* and *Spicer* and established the framework therein to assess whether a false statement is official for purpose of Article 107, UCMJ. Perhaps because of this timing, nothing in appellant's providence inquiry establishes that at the time appellant made the statement to Detective TB, the detective "was acting on behalf of military authorities or . . . in any way performing a military function[,]" making an otherwise unofficial statement official for purposes of Article 107, UCMJ. *Id.* Indeed, appellant noted that Detective TB did not suspect him of being AWOL.

The government, citing to *United States v. Davenport*, 9 M.J. 364, 368 (C.M.A. 1980), argues that appellant had an "obligation to account" when AWOL and asked his name by a person with authority to return him to military control. However, the military judge never discussed with appellant whether appellant had such an obligation. Additionally, the record is silent regarding Detective TB's duty or obligation, if any, to act upon discovering appellant's AWOL status. Thus, the record does not establish two necessary predicates of the government's argument. First, the record does not establish the extent of appellant's obligation to account. Second, if appellant did have an obligation to account in this case, the record does not reflect whether appellant understood that he had an obligation to account. Accordingly, we cannot conclude on appeal that appellant's obligation to account made his statement official for Article 107, UCMJ purposes when the plea colloquy did not develop this theory or appellant's understanding of it.[*]

In light of *Spicer* and *Capel*, we find a substantial basis in law and fact to question appellant's guilty plea to false official statement in violation of Article 107, UCMJ. As such, we find the military judge abused his discretion in accepting appellant's guilty plea to Charge II and its Specification and shall set aside the guilty findings of Charge II and its Specification and dismiss Charge II and its Specification.

Because we set aside and dismiss Charge II and its Specification, we must consider whether sentence reassessment without a rehearing is possible, and, if so,

---

[*] This case and *Davenport* are factually distinguishable. While this case and *Davenport* share some similar facts, such as a servicemember in an unauthorized absence status falsely identifying himself to law enforcement personnel, *Davenport*'s plea colloquy developed more fully the official nature of Davenport's false statement. In particular, the Court of Military Appeals could conclude from the *Davenport* record that the military corrections center official, himself a member of the military and a noncommissioned officer, who heard Davenport's false statement "was there to make sure Davenport was the right person to be brought back into military custody and to return him to such custody." 9 M.J. at 366. The record in this case does not support such a conclusion for the civilian officer, Detective TB.

whether the sentence must be reduced. *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Moffeit,* 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). In this case, we can be "reasonably certain as to the severity of the sentence that would have resulted in the absence of the error," *Sales,* 22 M.J. at 307 n. 3, and, therefore, we will reassess the sentence at our level.

The maximum punishment remains the jurisdictional limit of a special court-martial. *See* UCMJ art. 19. Furthermore, appellant freely admitted that he made his false statement so that Detective TB would not learn about his AWOL status. Put another way, appellant intentionally tried to deceive a police officer to keep law enforcement personnel from learning of his AWOL status. This evidence is relevant aggravation evidence for the sentencing authority to consider in light of appellant's conviction of AWOL terminated by apprehension. In short, the aggravation evidence in appellant's case is unchanged by the set aside of the guilty findings of Charge II and its Specification and dismissal thereof. Appellant also elected trial by judge alone and we are "more likely to be certain of what a military judge alone would have done than what a panel of members would have done." *United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring in result). Finally, we have experience and familiarity with the remaining charges and can reliably assess what sentence a military judge would have imposed on the remaining findings of guilt. *Id*.

Consequently, we are confident the military judge would have adjudged a sentence no less severe than that approved by the convening authority in this case. Additionally, we find that the sentence approved by the convening authority is appropriate. *See* UCMJ art. 66.

**CONCLUSION**

Upon consideration of the entire record and the submissions by the parties, the findings of guilty of Charge II and its Specification are set aside and Charge II and its Specification are DISMISSED. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence, as approved by the convening authority, is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

SEXTON—ARMY 20120763

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5