# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RICHARD A. BOURNE**
**United States Army, Appellant**

ARMY 20120481

Headquarters, Fort Drum
Elizabeth G. Kubala, Military Judge
Colonel Michael O. Lacey, Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

19 December 2013

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to commit obstruction of justice, absence without leave, violating a lawful general order (two specifications), making a false official statement, wrongful sexual contact, aggravated assault with force likely to produce death or grievous bodily harm, adultery, and wrongfully communicating a threat, in violation of Articles 81, 86, 92, 107, 120, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, 892, 907, 920, 928 and 934 (2006 & Supp. III 2010) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for 30 months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellate defense counsel raises one assignment of error alleging that the military judge abused her discretion by accepting appellant's plea of guilty to making a false

official statement in violation of Article 107, UCMJ.  We agree. We further find one additional matter that warrants discussion and relief.  Based on both errors, we grant relief in our decretal paragraph.  We find those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to be without merit.

## BACKGROUND

On approximately 5 December 2010, appellant and his friend, Specialist (SPC) MM, were drinking at a bar in Watertown, New York.   Specialist MM and a female at the bar, SPC NL, began to show romantic interest in one another.  SPC NL and SPC MM danced, kissed and exchanged phone numbers.  Specialist NL became extremely intoxicated over the course of the night and was driven home by other friends accompanying her.  After the bar closed, SPC MM and appellant telephoned SPC NL at her home and invited her to an after-hours party that evening.  SPC NL agreed and appellant and SPC MM drove to her home to take her to the party.  After picking up SPC NL at her home, the three began to drive to the party.  During the drive, SPC MM and SPC NL ended up in the backseat and engaged in kissing, touching and fondling each other.

Instead of going to a party, appellant drove to his house.  Once at appellant's house, SPC MM and SPC NL continued to kiss and fondle each other on appellant's couch while appellant sat on a nearby couch and watched them.  Specialist MM then left the room to use the bathroom, leaving SPC NL on the couch with her pants unbuttoned.  While SPC MM was out of the room, appellant removed SPC NL's pants and inserted his penis inside SPC NL's vagina.  Specialist MM returned to see appellant having vaginal sex with SPC NL.  While still having sex with SPC NL, appellant suggested to SPC NL that she perform oral sex on SPC MM.  Appellant then asked SPC NL if she wanted to continue having sex with him (appellant), and SPC NL replied "no, you belong to Jeanise" (a friend of SPC NL's whom appellant had been dating).  Appellant then withdrew his penis from SPC NL's vagina and left the room.  Specialist MM and SPC NL then proceeded to have sex.

Both the plea inquiry and the stipulation of fact establish beyond any reasonable doubt that SPC NL did not consent to having sex with appellant.

### False Official Statement, Art 107, UCMJ

After SPC NL reported the sexual assault, the local Watertown Police Department opened a criminal investigation into the matter.  The Watertown Police subsequently brought appellant and SPC MM in for questioning as suspects.  Appellant had previously conspired with SPC MM to provide a false statement to the police when questioned about the incident.  During questioning by Watertown Police, appellant lied and stated he had not had any contact with SPC MM since the

5th of December, and that he (appellant) had not touched SPC NL in any way on the night in question.

During the providence inquiry into appellant's plea of guilty to making a false official statement, the military judge advised appellant of the elements of the offense pursuant to Article 107, UCMJ. The military judge, however, did not define "official statement" and failed to conduct an inquiry with appellant as to whether his statement to the Watertown Police detective was "official" within the meaning of Article 107, UCMJ.

During the colloquy regarding the false official statement charge, when asked by the military judge if he was guilty of this offense, appellant responded:

> [Specialist MM] and I agreed to provide false information to the Watertown Police Department when questioned about the incident. We specifically agreed to minimize or deny any sexual contact with SPC [NL] on 5 December 2010. I was interviewed by Detective [D] of the Watertown PD on or about 9 December 2010. When interviewed, I told her essentially that I hadn't had any contact with SPC [MM] since 5 December and that I hadn't touched SPC [NL] in any way on 5 December.

The military judge conducted no further inquiry into this offense.

The stipulation of fact in this case is equally lacking as it relates to the "official" nature of the statement as required by Article 107, UCMJ, stating simply that the appellant's statement to law enforcement "was an official statement."

During a guilty plea inquiry, the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it. *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea of guilty for an abuse of discretion by determining whether the record as a whole demonstrates a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

In *United States v. Spicer*, the Court of Appeals for the Armed Forces (CAAF) found that an accused's statement to a civilian police officer may be "official" for Article 107, UCMJ purposes, when the statement is made "'in the line of duty,' or to civilian law enforcement officials if the statement bears a 'clear and direct relationship' to the [accused's] official duties." 71 M.J. 470, 474 (C.A.A.F. 2013); *See also United States v. Teffeau*, 58 M.J. 62, 69 (C.A.A.F. 2003). Similarly, our superior court explained that a statement may be "official" for such purposes if "the

3

hearer is a military member 'carrying out a military duty at the time the statement is made,'" or when the person to whom the statement is made "is a civilian who is performing a military function at the time the speaker makes the statement." *Spicer*, 71 M.J. at 474-75 (citation and internal quotation marks omitted).

In this case, appellant's providence inquiry does not establish that the civilian Watertown Police to whom he made his statement were "acting on behalf of military authorities or . . . in any other way performing a military function," making an otherwise unofficial statement "official" for purposes of Article 107, UCMJ. *United States v. Capel*, 71 M.J. 485, 487 (C.A.A.F. 2013). In its response to appellant's assignment of error, appellate government counsel concedes that the record is "bereft" of any specific evidence to establish the "official" element of false official statement. We accept the government's concession.

In light of *Spicer*, we find a substantial basis in law and fact to question appellant's guilty plea to false official statement in violation of Article 107, UCMJ. As such, we find the military judge abused her discretion in accepting appellant's guilty plea to Charge V and its Specification and shall therefore set aside the guilty findings of Charge V and its Specification, and dismiss same.

## Violation of a Lawful General Regulation, Article 92, UCMJ

During the providence inquiry into appellant's plea of guilty to the Specification of Charge III, the military judge advised appellant of the elements of Article 92, UCMJ, violating a lawful regulation—specifically, Army Regulation 600-20, Army Command Policy [hereinafter AR 600-20] para. 4-14(b), (18 Mar. 2008) (Update 20 Sept. 2012). The military judge read paragraph 4-14(b):

> Relationships between soldiers of different rank are prohibited if they [1] appear to compromise the integrity of the supervisory authority or chain of command, [2] cause actual or perceived partiality or unfairness, [3] involve or appear to involve improper use of rank or position for personal gain, [4] are or are perceived to be exploitive or coercive in nature, [5] create an actual or predictable adverse impact on discipline, authority, morale, or the ability of the command to accomplish the mission.

The military judge then established the incident referred to in Charge III was the sexual intercourse that occurred on 5 December 2010 between appellant and SPC NL. Next, she asked appellant why he was guilty of the offense. Appellant stated:

> I had sex with SPC NL on 5 December 2010. I was and am currently a staff sergeant and SPC NL was an E-4.

4

> The customs of the service and Army Regulation 600-20
> prohibit me from having this type of relationship with a
> junior Soldier, but I did it anyway.  I knew what my
> obligations were as a non-commissioned officer and by
> engaging in this conduct, I violated them; I am guilty of
> this offense.

In response to the military judge's further questioning, appellant stated he and SPC NL were in the same battalion, but he did not see SPC NL at work because they were in different companies.  Appellant specifically denied having any supervisory responsibility over SPC NL.  The military judge then repeated the elements of the offense, eliciting "yes, ma'am" from appellant after each element was recited.

We find the plea inquiry also falls short on this charge.  It is not enough to elicit legal conclusions.  The military judge must also elicit the necessary facts to support the plea of guilty.  *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996).  The record of trial must reflect not only that the elements of each offense have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense . . . to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969).  "The fundamental requirement of a guilty plea inquiry under *Care* and R.C.M. 910 involves a dialogue between the military judge and the accused, in which the military judge poses questions about the nature of the offense and the accused provides answers and explanations that describe his personal understanding of the criminality of his or her conduct." *United States v. Medina*, 72 M.J. 148, 149 (C.A.A.F. 2013) (quoting *United States v. Hartman*, 69 M.J. 467, 469 (C.A.A.F. 2011)).

Here, appellant did not articulate which provision of AR 600-20, para. 4-14(b) he believed he violated.  His statements to the military judge do not establish "supervisory" authority for purposes of paragraph 4-14(b)(1) given that he explained he had no supervisory responsibility over SPC NL and does not even see her at work. Further, AR 600-20, para. 4-14(b) does not strictly forbid relationships between lower enlisted soldiers and noncommissioned officers.  It only forbids those relationships that fit into the categories listed in the regulation.  Appellant's assertion that "the customs of the service" prohibit him from having sex with a junior enlisted soldier is simply unfounded without further elucidation.  As such, we find the inquiry inadequate to provide a factual predicate to the charge. *See Outhier*, 45 M.J. at 331.

To assist in our review of the adequacy of the plea, we next analyze the stipulation of fact.  The stipulation in this case provides another recitation of AR 600-20, para. 14-4(b).  It adds, however, the following:

5

On 5 December 2010, the accused violated this
lawful regulation by wrongfully having a prohibited
relationship with [SPC NL], by having sexual intercourse
with the said [SPC].  The intercourse occurred in the
presence of another junior enlisted Soldier . . .
[Appellant's] behavior with [SPC NL] appeared to
compromise the integrity of the supervisory authority.
Moreover, his behavior involved or appeared to involve
the improper use of rank or position for personal gain.

Again, the stipulation of fact merely restates the prongs of paragraph 4-14(b), and does little to establish the factual tie-in with this case.  This court will not speculate as to the ways appellant's behavior *could* have fit into the categories outlined in the regulation.

Reviewing the military judge's acceptance of appellant's guilty plea for an abuse of discretion, we find the minimal facts elicited here raise a substantial question regarding the appellant's guilty plea to the Specification of Charge III. *Inabinette*, 66 M.J. at 322.

In light of the limited providence inquiry and the brief and vague stipulation of fact, we find a substantial basis in law and fact to question appellant's guilty plea to Charge III, violating a lawful regulation, under Article 92, UCMJ.[*]  As such, we find the military judge abused her discretion in accepting appellant's guilty plea to Charge III and its Specification.

**CONCLUSION**

Upon consideration of the entire record and the submissions by the parties, the findings of guilty of Charge III and its Specification and Charge V and its Specification are set aside and those charges and specifications are DISMISSED. The remaining findings of guilty are AFFIRMED.

Based on the foregoing, we are able to reassess the sentence on the basis of the error noted, and do so in accordance with the principles articulated in *United States v. Winckelmann*, ___ M.J.___, slip. op. at 12-13 (C.A.A.F. 18 Dec. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).  We note appellant pleaded guilty in a judge alone court-martial.  We find the nature of the remaining offenses captures the gravamen of the original charges and the aggravating circumstances

---

[*] We juxtapose this deficient factual basis with the inquiry conducted and stipulation of fact regarding Additional Charge I and its Specification, a violation of Article 92, UCMJ, for violating AR 600-20, paragraph 4-14(b).  Additional Charge I and its Specification withstands legal and factual scrutiny as the supervisory relationship between appellant and the respective lower-enlisted soldier was clearly established.

surrounding his course of conduct.  We also find no dramatic change in the penalty landscape or exposure which might cause us pause to reassess.  Based on our analysis, we approve only so much of the sentence that includes a bad-conduct discharge, confinement for twenty-eight months and a reduction to E-1.  We find this sentence not only purges the error in accordance with *Sales and Winckelmann*, but is also appropriate under Article 66(c), UCMJ.

All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.

Clerk of Court