****CORRECTED COPY – DESTROY ALL OTHERS****

# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Airman EDWARD J. WAGNER, IV**
**United States Air Force**

**ACM S32076**

**04 November 2013**

Sentence adjudged 21 June 2012 by SPCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: William Muldoon.

Approved Sentence: Bad-conduct discharge, confinement for 15 days, and reduction to E-1.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before

ROAN, MARKSTEINER, and WIEDIE
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WIEDIE, Judge:

At a special court-martial, the appellant was convicted, consistent with his plea, of one specification of larceny of nonmilitary property of a value of more than $500; and contrary to his plea, he was convicted of an additional specification of larceny of nonmilitary property of a value of more than $500, both in violation of Article 121, UCMJ, 10 U.S.C. § 921. Contrary to his plea, he was also convicted of one specification of making a false official statement, in violation of Article 107, UCMJ, 10 U.S.C. § 907. A panel of officer members adjudged a sentence of a bad-conduct discharge, confinement

for 15 days, and reduction to E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge.[1]

On appeal, the appellant asserts the evidence is legally and factually insufficient to support his conviction of making a false official statement.  We agree.

*Background*

The general facts in this case are not in question.  In August 2011, the appellant stole an auto trailer that belonged to Staff Sergeant (SSgt) KL.  Then in February 2012, the appellant stole another auto trailer, this one belonging to Master Sergeant (MSgt) KS. Both auto trailers were valued at over $500.  The appellant's theft of MSgt KS's trailer was discovered first and, on 14 March 2012, the appellant received nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815, for stealing the trailer.  When the appellant's larceny of the other trailer was discovered, charges for both larcenies as well as for making a false official statement were referred to trial by court-martial.

Detective SS of the Tucson Police Department interviewed the appellant at his off-base home concerning a third stolen trailer.  Upon arriving at the appellant's home, Detective SS did not see the trailer whose theft he was investigating, but he did see a black trailer.  When he asked the appellant about the black trailer sitting in front of his house, the appellant told Detective SS that he bought it off of Craig's List from a "fat Mexican named Carlos."  In fact, the black trailer in question turned out to be the trailer stolen from SSgt KL.

There was no evidence introduced at trial that the appellant was in the line of duty when he made the statement about how he got the black trailer or that the statement had any relation to his official duties.  Although the theft of the trailer had been reported to military authorities six months earlier, there was no evidence introduced at trial that Detective SS was performing a military function or acting on behalf of military authorities when he questioned the appellant.

*Factual and Legal Sufficiency*

On appeal, the appellant argues that the evidence was factually and legally insufficient to support his conviction of false official statement based on the Court of Appeals for the Armed Forces' recent decisions in *United States v. Capel*, 71 M.J. 485 (C.A.A.F. 2013) and *United States v. Spicer*, 71 M.J. 470 (C.A.A.F. 2013). The Government concurs with the appellant's position.  We also concur.

---

[1] The original Action and Court-Martial Order incorrectly stated the sentence adjudged by the members.  Pursuant to this Court's Order, a new Action and Court-Martial Order were accomplished, correctly reflecting the adjudged and approved sentences.

In *Spicer* and *Capel*, our superior court set forth a framework for determining whether an appellant's false statements qualify as official statements for the purposes of Article 107, UCMJ, particularly when such statements are made to civilian authorities. In order for a statement to be "official" it must fall into one of three categories: (1) where the speaker "make[s] a false official statement in the line of duty or to civilian law enforcement officials if the statement bears a clear and direct relationship to the speaker's official duties;" (2) where the "hearer is a military member carrying out a military duty at the time the statement is made;" or (3) where the "hearer is a civilian who is performing a military function at the time the speaker makes the statement," *Spicer*, 71 M.J. at 474-75 (internal quotation marks and citations omitted), or is "acting on behalf of military authorities," *Capel*, 71 M.J. at 487.

In the present case, the statement that served as the basis for the false official statement specification was clearly not an "official" statement. At the time the appellant made the statement, he was not acting in the line of duty nor did the statement bear any relationship to his official duties. At the time he was questioned by Detective SS, he was off duty at his off-base residence. The questions asked by Detective SS had no connection to the appellant's position or duties in the Air Force. Detective SS was a civilian law enforcement official and, thus, was not a military member carrying out a military duty at the time the statement was made. Although the theft of the trailer at issue had been reported to military authorities, Detective SS was not acting at the behest of the military when he interviewed the appellant. To the contrary, he was investigating the theft of a different trailer when he uncovered the appellant's larceny of the trailer that served as the basis for one of the two larceny specifications in this case. He was not a civilian performing a military function at the time the appellant made the false statement and he was not acting on the behalf of military authorities.

Based on the fact that the statement in question was not an "official statement" for the purposes of Article 107, UCMJ, the evidence was legally and factually insufficient to support the appellant's conviction for that offense.

*Sentence Reassessment*

Having found error, we must assess the impact on the sentence and either return the case for a sentence rehearing or reassess the sentence ourselves. Before reassessing a sentence, we must be confident "that, absent the error, the sentence would have been of at least a certain magnitude." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991), *aff'd*,

36 M.J. 43 (C.M.A. 1992) (mem.). Even within this limit, the Court must determine that a sentence it proposes to affirm is "appropriate," as required by Article 66(c), UCMJ, 10 U.S.C. § 866(c). In short, a reassessed sentence must be purged of prejudicial error and also must be "appropriate" for the offense involved. *Sales*, 22 M.J. at 307-08.

We are confident that we can reassess the sentence in accordance with the above-discussed authority. Setting aside the Additional Charge does not change the maximum punishment the appellant faced, which is the jurisdictional limit of the special court-martial. Thus, the penalty landscape is not substantially changed by the dismissal of this Charge.

Furthermore, our review of the record reveals that the appellant's larceny of the trailers from his fellow Airmen was the primary focus of the Government's sentencing case. The Government called two witnesses in sentencing, the victims of the thefts. No aggravation evidence was introduced concerning the false official statement. Although assistant trial counsel referenced the false official statement several times in his sentencing argument, little emphasis was placed on the false official statement in justifying the Government's recommended sentence.[2]

After careful consideration of the entire record, we are satisfied beyond a reasonable doubt that in the absence of the Additional Charge and its Specification, the members would have rendered a sentence no less than that adjudged at trial. We are further satisfied that, in the absence of the Additional Charge and its Specification, the convening authority would have approved a sentence no less than that which was approved, which approved only the bad-conduct discharge and not the confinement or reduction.

Furthermore, we have given individualized consideration to this particular appellant, the nature and seriousness of the offenses of which he was convicted, the appellant's record of service, and all other matters properly before the panel in the sentencing phase of the court-martial. *See United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). We find that the adjudged and approved sentence was appropriate in this case and was not inappropriately severe.

*Conclusion*

The finding of guilty to the Additional Charge and its Specification is set aside and dismissed. The remaining findings and the sentence, as reassessed, are correct in law and

---

[2] Assistant trial counsel recommended that the members sentence the appellant to a punishment that included, in part, confinement for 240 days. Assistant trial counsel argued that the appellant should be confined 233 days for the larcenies and 7 days for the false official statement.

fact, and no error materially prejudicial to the substantial rights of the appellant remains. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the remaining findings and sentence, as reassessed, are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32076