# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Joshua L. THOMAS
## Yeoman Third Class (E-4), U.S. Coast Guard

## CGCMG 0294
## Docket No. 1381

## 4 December 2014

General Court-Martial convened by Commander, Coast Guard Force Readiness Command. Tried at Norfolk, Virginia, on 26 September, 7 & 29 November, and 17-21 December 2012.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LCDR Tamara S. Wallen, USCG |
| Assistant Trial Counsel: | LT Devora Mas, USCGR |
| Military Defense Counsel: | LT Gregory E. Dixon, JAGC, USN |
| Assistant Defense Counsel: | LT Carla F. McDonald, JAGC, USN |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |

## BEFORE
## McCLELLAND, NORRIS & LUCE
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, Appellant was convicted of one specification of false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); and one specification of adultery, in violation of Article 134, UCMJ. The court sentenced Appellant to reduction to E-1 and a bad-conduct discharge. The Convening Authority approved the sentence.

Before this court, Appellant has assigned the following errors:

I. The facts announced under Charge I are legally insufficient to create a false official statement and the sentence should, therefore, be reassessed.

II.     Appellant's sentence was inappropriately severe for one specification of false official statements and one specification of adultery.

We discuss the first issue, reverse the conviction under Charge I, and remand.

Appellant, a married man, had consensual sex with Mrs. O, the wife of a military member, in January 2012.  On two later occasions in May and June 2012, they again allegedly had sex, although the circumstances are disputed.  The January occasion certainly, and the two later occasions apparently, support Appellant's conviction of adultery.

In June 2012, approximately three days after the June occasion of sex with Appellant, Mrs. O went to a hospital to file a report and get an examination for sexual assault pertaining to that occasion of sex with Appellant.  (R. at lines 13074-96.)  A police officer responded to the hospital and took a report from Mrs. O, and later took a call from a special agent of Coast Guard Investigative Services (CGIS), who said CGIS was also looking into the allegations and that there was another complainant.  (R. at 13104-13.)  The same police officer, the special agent, and other officers executed a search warrant at Appellant's residence, with Appellant present.  (R. at 10370-72, 13157-61.)  The police officer later informed Appellant that two females had made sexual assault allegations against him, and Appellant responded that he had not been with anyone sexually other than his wife in the past two years.  (R. at 13214-51.)  This statement was the specified false official statement of which Appellant was convicted.  The CGIS special agent was permitted to listen from a remote location to the interrogation of Appellant that resulted in this statement, but did not in any way actively participate in the questioning.  (R. at 6509-12).

Appellant argues that his statement was not "official" within the meaning of Article 107 because it was not made in the course of his official duties and the civilian to whom he made the statement was not performing a military function.[1]

"The test for legal sufficiency is whether, considering the evidence in the light most favorable to the prosecution, any reasonable fact-finder could have found all the essential

---

[1] Appellant raised this issue before trial by a motion to dismiss.  (Appellate Ex. 51.)  After hearing evidence from the special agent, the military judge denied the motion.  (R. at lines 6412-6704.)

elements beyond a reasonable doubt." *United States v. Spicer*, 71 M.J. 470, 472 (C.A.A.F. 2013) (quoting *United States v. Day*, 66 M.J. 172, 173-74 (C.A.A.F. 2008) (internal quotation marks omitted)); *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987).

Statements are official based on the standpoint of the speaker, where the speaker is acting in the line of duty or the statements directly relate to the speaker's official military duties; or based on the position of the hearer, when the hearer is either a military member carrying out a military duty or a civilian necessarily performing a military function when the statement is made. *Spicer*, 71 M.J. at 473.

It cannot seriously be argued, and the Government does not argue, that the statement in question was official based on Appellant's standpoint. Rather, the Government argues that the hearer, the police officer, was "furthering a military function by virtue of a joint civilian/military investigation at the time the statement was made." (Government's Answer & Brief at 5.) In so doing, the Government is responding to Appellant's argument that "there must actually be a joint investigation before statements made to a civilian can be considered official," citing *Spicer*. (Appellant's AOE & Brief at 13.) The court in *Spicer* says that when the false statements were made in that case, "the [police] detectives were not operating a joint investigation with military officials or performing any other military functions" and therefore, given the other circumstances, the statements were not official. 71 M.J. at 475.

We find that the limited interactions between CGIS and the civilian police (some sharing of information, and the police permitting CGIS attendance at a search[2] and observation of an interrogation[3]) did not rise to the level of a joint investigation. We further find that the police officer was not otherwise performing a military function at the time of the statement. The evidence established that CGIS and the local police were conducting independent investigations for separate purposes, albeit cooperating. There is no evidence that the police, in conducting the interrogation of Appellant that led to the statement at issue, were "acting on behalf of military

---

[2] The CGIS agent testified that the Mobile Police Department obtained the search warrant; the CGIS agent did not see the search warrant and was not certain what the warrant was for but believed it was for narcotics. (R. at 10785-10799.)

[3] Appellant was read "Miranda Rights" but was not read Article 31(b) rights. (R. at 6635-6636.)

authorities or . . . in any other way performing a military function." *United States v. Capel*, 71 M.J. 485, 487 (C.A.A.F. 2013).[4] The false official statement conviction cannot stand. We will set it aside.

When conviction of one or more offenses is set aside, a Court of Criminal Appeals may reassess a sentence when it can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity; a sentence of that severity or less will be free of the prejudicial effects of error. *United States v. Moffeit,* 63 M.J. 40, 41 (C.A.A.F. 2006) (citing *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986)). Or, stated another way, if the Court of Criminal Appeals cannot reliably determine what sentence would have been imposed at the trial level had the error not occurred, then a rehearing on sentence is in order. *Sales*, 22 M.J. at 307.

In this case, the remaining conviction is for adultery to the prejudice of good order and discipline or to the discredit of the armed forces. We are not confident that we can determine what sentence the court would have adjudged on this offense alone. We will remand for sentencing.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge I and its specification and the sentence are set aside. The remaining findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty of Charge V and its Specification 2 are affirmed. A new hearing on sentence may be ordered. If the Convening

---

[4] The military judge instructed the members, in accordance with the Military Judges' Benchbook (DA Pam 27-9), "The members should consider whether the circumstances leading up to and surrounding the statements bore a clear and direct relationship to the accused's military duties, and reflect a substantial military interest in the investigation." (R. at 18382-86.) This instruction reflects *United States v. Teffeau*, 58 M.J. 62 (C.A.A.F. 2003). However, in *Teffeau* the statements occurred during an investigation that bore a direct relationship to the accused's duties. The instruction does not take into account the holding of *United States v. Day*, 66 M.J. 172, 175 (C.A.A.F. 2008), relating to a statement that is official because of the hearer's military function (statements were official that were made to civilian personnel charged with performing an on-base military function). *United States v. Spicer*, 71 M.J. 470 (C.A.A.F. 2013), cited in this opinion for a more complete statement of applicable law, was decided after the trial in this case. Appellant's Rule for Courts-Martial 1105 submission to the Convening Authority raised *Spicer* to challenge the false official statement conviction, but the Addendum to the Staff Judge Advocate's Recommendation rejected the challenge.

Authority decides that doing so is impracticable, the Convening Authority may approve a sentence of no punishment.

Judges NORRIS and LUCE concur.



For the Court,

/s/

Shelia R. O'Reilly
Clerk of the Court