# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL MERCADO-WISCOVITCH**
**United States Army, Appellant**

ARMY 20120549

Headquarters, I Corps
Craig Denney, Military Judge
Colonel Kirk A. Didier, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

14 January 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

ALDYKIEWICZ, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of false official statement, one specification of knowingly concealing an alien who had come to or entered the United States in violation of law (an assimilated violation of 8 U.S.C. § 1324(a)(1)(A)(iii)) and one specification of knowingly encouraging an alien to come to or enter the United States in violation of law (an assimilated violation of 8 U.S.C. § 1324(a)(1)(A)(iv)) in violation of  Articles 107 and 134, Uniform Code of Military Justice [hereinafter UCMJ].  10 U.S.C. §§ 907, 934 (2006).  The military judge convicted appellant, contrary to his pleas, of willfully and knowingly using an official passport in violation of the conditions or restrictions therein contained or in violation of the rules prescribed pursuant to the laws regulating the issuance of passports (an assimilated violation of 18 U.S.C. § 1544) in violation of Article 134, UCMJ.  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, and reduction to E-1.

MERCADO-WISCOVITCH—ARMY 20120549

This case is before this court pursuant to Article 66, UCMJ. Appellant's sole assignment of error alleges that the military judge abused his discretion by accepting appellant's plea of guilty to making a false official statement, the Specification of Charge III. We agree and grant relief in our decretal paragraph. Appellant's personal submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

While stationed at Fort Lewis, Washington, appellant met RRL, a Cuban national living in Canada, through Facebook. The two began a relationship. As their relationship grew, appellant traveled to Canada to meet RRL. Appellant and RRL decided to enter the United States together in appellant's car, even though RRL had no legal authority to enter the United States. RRL hid in the back of the car so that border agents would not detect him. Appellant drove the car while in uniform. At the U.S. border, appellant presented his official military passport and military identification card to the Customs and Border Protection (CBP) officer. The officer asked appellant if someone was inside the vehicle. Appellant answered "I don't know." The parties do not question the falsity of the statement or appellant's intent to deceive.

During the providence inquiry into appellant's plea, the military judge advised appellant of the elements of false official statement under Article 107, UCMJ. However, the military judge never defined "official" and did not conduct an inquiry with appellant into whether the statement to the CBP officer was "official" within the meaning of Article 107, UCMJ. During the plea colloquy, appellant acknowledged that the CBP officer was a federal officer and that appellant's goal by making the false statement was to further his and RRL's entry into the United States. Although appellant wore his uniform to lessen the likelihood that he would be searched or stopped, nothing in the record links his false statement with some military function.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

In *United States v. Capel*, finding an appellant's statements to a civilian police officer not "official" for Article 107, UCMJ purposes, our superior court noted:

> an accused may make a false official statement for the
> purposes of Article 107, UCMJ, if the statement is made

> "'in the line of duty,' or to civilian law enforcement officials if the statement bears a 'clear and direct relationship' to the [accused's] official duties." [*United States v. Spicer*, 71 M.J. 470, 474 (C.A.A.F. 2013)] (citations omitted); *United States v. Teffeau,* 58 M.J. 62, 69 (C.A.A.F. 2003). Similarly, the statement at issue may be official for such purposes if the one to whom the statement is made "is a civilian who is performing a military function at the time the [accused] makes the statement." *Spicer,* 71 M.J. at 475.

*United States v. Capel*, 71 M.J. 485, 487 (C.A.A.F. 2013). Appellant pleaded guilty before C.A.A.F. decided *Capel* and *Spicer* and established the framework therein to assess whether a false statement is official for purpose of Article 107, UCMJ. Perhaps because of this timing, nothing in appellant's providence inquiry establishes that at the time appellant made the statement to the CBP officer, that officer "was acting on behalf of military authorities or . . . in any way performing a military function[,]" making an otherwise unofficial statement official for purposes of Article 107, UCMJ. *Id.* Indeed, during the contested merits portion of the trial, the CPB officer who stopped appellant expressly testified that he "already knew [appellant] wasn't coming in an official [military] capacity."

The government argues that although appellant was not on official duty, he was "in the line of duty" as contemplated by *Capel* and that appellant created a nexus to the military by wearing his uniform and presenting his military passport and identification card to the border agents while giving the false statement. Even if this argument is correct, appellant's guilty plea to false official statement is still improvident because the providence inquiry does not reflect that appellant understood whether his false statement was official for purposes of Article 107, UCMJ. Accordingly, the providence inquiry does not establish appellant's "understanding of how the law relates to [the] facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 C.M.A. 535, 538-539, 40 C.M.R. 247, 250-251 (C.M.A. 1969)).

In light of *Spicer* and *Capel*, we find a substantial basis in law and fact to question appellant's guilty plea to false official statement in violation of Article 107, UCMJ. As such, we find the military judge abused his discretion in accepting appellant's guilty plea to Charge III and its Specification and shall set aside the guilty findings of Charge III and its Specification and dismiss Charge III and its Specification.

Because of this relief, we must consider whether sentence reassessment without a rehearing is possible, and, if so, whether the sentence must be reduced. *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Moffeit,* 63 M.J. 40, 43 (C.A.A.F.

3

2006) (Baker, J., concurring). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). In this case, we can be "reasonably certain as to the severity of the sentence that would have resulted in the absence of the error," *Sales,* 22 M.J. at 307 n. 3, and, therefore, we will reassess the sentence at our level.

The maximum punishment remains the jurisdictional limit of a special court-martial. *See* UCMJ art. 19. Furthermore, appellant remains convicted of three Title 8 and Title 18 offenses assimilated under Clause 3 of Article 134, UCMJ related to helping RRL illegally come to or enter the United States. Appellant's false statement was made in furtherance of these other crimes and was admissible as aggravation for sentencing purposes. Thus, the aggravation evidence in appellant's case is unchanged by the set aside of the guilty findings of Charge III and its Specification and dismissal thereof. Appellant also elected trial by judge alone and we "are more likely to be certain of what a military judge would have done as opposed to members." *Wincklemann*, 73 M.J. at __ (slip. op. at 13). Finally, although we have less experience with the remaining convictions, we are confident that we can reliably assess what sentence a military judge would have imposed on the remaining findings of guilt. *Id*.

Consequently, we are confident the military judge would have adjudged a sentence no less severe than that approved by the convening authority in this case. Additionally, we find that the sentence approved by the convening authority is appropriate. *See* UCMJ art. 66.

## CONCLUSION

Upon consideration of the entire record, the submissions by the parties, and the submissions personally made pursuant to *Grostefon*, the findings of guilty of Charge III and its Specification are set aside and Charge III and its Specification are DISMISSED. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Wincklemann*, the sentence, as approved by the convening authority, is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4