# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32728**

————————————

**UNITED STATES**
*Appellee*

v.

**Jada FLORES**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 27 July 2023

————————————

*Military Judge*: Pilar G. Wennrich.

*Sentence*: Sentence adjudged 20 April 2022 by SpCM convened at Mac-Dill Air Force Base, Florida. Sentence entered by military judge on 11 May 2022: Bad-conduct discharge, confinement for 2 months, forfeiture of $1,130.00 pay per month for 2 months, and reduction to E-1.

*For Appellant*: Major Jenna M. Arroyo, USAF.

*For Appellee*: Captain Olivia B. Hoff, USAF; Captain Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and GRUEN, *Appellate Military Judges*.

Judge GRUEN delivered the opinion of the court, in which Chief Judge JOHNSON and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GRUEN, Judge:

A special court-martial comprised of a military judge convicted Appellant, consistent with her pleas and pursuant to a plea agreement, of one

specification of attempt to commit the offense of using false pretenses to obtain services, one specification of making a false official statement, and two specifications of wrongful distribution of marijuana in violation of Articles 80, 107, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 907, 912a.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, two months of confinement, forfeiture of $1,130.00 pay per month for two months, and reduction to the grade of E-1.[3] The convening authority took no action on the findings or adjudged sentence.

Appellant raises three issues: (1) whether the Specification of Charge III, alleging she made a false official statement, failed to state an offense; (2) whether the Specification of Charge III and Specification 2 of Charge II, alleging Appellant attempted to use false pretenses to obtain services, unreasonably multiplied the charges against her; and (3) whether Appellant's sentence is inappropriately severe.[4]

With regard to issue (1), Appellant pleaded guilty to this offense. As such, we consider whether Appellant's plea was provident and whether the military judge abused her discretion by accepting the plea. We find Appellant's pleas to Charge III and its Specification were not provident and the military judge abused her discretion by accepting them. Because we set aside the conviction for Charge III and its Specification, we find issue (2) is moot. We affirm the remaining findings of guilty and the sentence, as reassessed.

## I. BACKGROUND

Appellant was an entry control point security forces Airman. In November 2021, the Air Force Office of Special Investigations began investigating her for distributing marijuana to two other Airmen. After Appellant learned of the investigation, she feared she would not be able to pay her apartment lease if she lost her job or went into confinement. Therefore, Appellant sought to be

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant initially pleaded not guilty to Specification 1 of Charge II alleging an attempt to wrongfully distribute marijuana in violation of Article 80, UCMJ. This specification was withdrawn and dismissed with prejudice in accordance with the plea agreement.

[3] Under the terms of Appellant's plea agreement, the maximum sentence available was a bad-conduct discharge, 4 months' confinement, forfeiture of two-thirds pay per month for 12 months, reduction to the grade of E-1, and a reprimand.

[4] Appellant personally raises issue (3) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

released from her lease obligations and to avoid paying the early lease termination fee of $3,178.00. One of Appellant's co-workers provided her with false permanent change of station (PCS) orders. Appellant went to the leasing office of her apartment complex and presented the false orders, along with a notice of intent to vacate, to Ms. YC, a civilian who worked there. Appellant signed and dated the intent to vacate notice 31 January 2022. The complex administration began processing Appellant's paperwork but did not approve the early termination request and charged Appellant the early lease termination fee. Appellant's attempt to terminate her lease early gave rise to the charged specifications alleging false pretenses and false official statement in violation of Articles 80 and 107, UCMJ.

## II. DISCUSSION

### A. Providency of Guilty Plea to False Official Statement

#### 1. Law

This court reviews "[a] military judge's decision to accept a guilty plea . . . for an abuse of discretion." *United States v. Forbes*, 78 M.J. 279, 281 (C.A.A.F. 2019) (quoting *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). A military judge's legal conclusions about the providency of the plea are reviewed de novo. *United States v. Harris*, 61 M.J. 391, 398 (C.A.A.F. 2005).

"[A] military judge must ensure there is a basis in law and fact to support the plea to the offense charged." *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011) (citing *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008)). An abuse of discretion occurs when there is "a substantial basis in law or fact for questioning the plea." *Inabinette*, 66 M.J. at 321–22 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (additional citation omitted)). A conviction based on a legal standard that does not constitute an offense is legally insufficient. *United States v. Shavrnoch*, 49 M.J. 334, 338–39 (C.A.A.F. 1998).

Article 107, UCMJ, states that "[a]ny person subject to this chapter who, with intent to deceive . . . makes any other false official statement knowing it to be false; shall be punished as a court-martial may direct." 10 U.S.C. § 907(a).

> Official statements are those that affect military functions, which encompass matters within the jurisdiction of the military departments and Services. There are three broad categories of official statements under this offense: (i) where the accused makes a statement while acting in the line of duty or where the statement bears a clear and direct relationship to the accused's official duties; (ii) where the accused makes a statement to a military member who is carrying out a military duty at the time the

> statement is made; or (iii) where the accused makes a statement
> to a civilian who is necessarily performing a military function at
> the time the accused makes the statement.

*Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶41.c.(1)(b).

In *United States v. Spicer*, the United States Court of Appeals for the Armed Forces (CAAF) set out a framework for determining whether statements qualify as official for the purposes of Article 107, UCMJ. 71 M.J. 470 (C.A.A.F. 2013). The CAAF found "that official statements are those that affect military functions . . . and which encompass[] matters within the jurisdiction of the military departments and services." *Id.* at 473. The court went on to say "[t]hese include statements based on the standpoint of the speaker, where either the speaker is acting in the line of duty or the statements directly relate to the speaker's official military duties." *Id.* In both *Spicer*, *id.* at 475, and *United States v. Capel*, 71 M.J. 485, 487 (C.A.A.F. 2013), the CAAF ruled that statements made to civilian police officers were not official statements for the purposes of Article 107, UCMJ. This was "because the statements in question were not pursuant to any military duties on the appellant's part, nor were the civilian police officers acting in conjunction with or on behalf of military authorities at the time the statements were made." *United States v. Passut*, 73 M.J. 27, 31 (C.A.A.F. 2014) (first citing *Spicer*, 71 M.J. at 475; and then citing *Capel*, 71 M.J. at 487).

> Additional factors to be considered in determining whether a
> statement is "official" include the circumstances leading up to
> the statement, the circumstances surrounding the statement,
> whether there is a military interest in the subject matter, and
> whether there exists a clear and direct relationship to military
> duties.

*United States v. Cofer*, 67 M.J. 555, 558 (A.F. Ct. Crim. App. 2008) (citing *United States v. Teffeau*, 58 M.J. 62, 69 (C.A.A.F. 2003)).

This court has "broad discretion" to reassess a sentence after one or more specifications are set aside rather than remand the case for a new sentencing hearing. *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (citation omitted). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). The elements for determining whether this court can reliably reassess a sentence are set forth in *Winckelmann*, 73 M.J. at 11–16. This analysis is based on a totality of the circumstances with the following as illustrative factors: dramatic changes in the penalty landscape and exposure, the

forum, whether the remaining offenses capture the gravamen of the criminal conduct, whether significant or aggravating circumstances remain admissible and relevant, and whether the remaining offenses are the type that we as appellate judges "have experience and familiarity with to reliably determine what sentence would have been imposed at trial." *Id.* at 16.

### 2. Analysis

The issue in this case is not whether Appellant made a false statement, but whether that statement was official such that Appellant violated Article 107, UCMJ. Here, Appellant offered false PCS orders to Ms. YC at the leasing office of her apartment complex, stated she needed to cancel her lease because she was subject to a military move, and provided notice of her intent to vacate, which is the false official statement charged in violation of Article 107, UCMJ.

We conclude that Appellant did not make the statement in the line of duty and that her notice of intent to vacate did not bear a clear and direct relationship to her military duties as a security forces Airman. Here, Appellant was acting in her personal capacity, attempting to break a residential lease, of which the Air Force was not a party. She was not performing any military duty at the time. Therefore, we do not agree the evidence supports a conclusion that Appellant was acting in the line of duty. Furthermore, the false statement Appellant made to her landlord regarding fictional PCS orders that she had no duty to obey bore no "clear and direct relationship" to any actual official duty of hers. Finally, her statement was not made to a military member carrying out military duties, and Ms. YC was not performing a military function at the time. The fact that the false statement related to false military PCS orders— orders that Appellant did not create or sign—is not sufficient to conclude the statement was official for the purpose of this offense. Accordingly, the record before us clearly demonstrates there is a substantial basis in law for questioning her plea, and the military judge abused her discretion by accepting it. The findings of guilty as to Charge III and its Specification are set aside.

Having set aside Appellant's conviction for Charge III and its Specification, we consider whether we may reliably reassess Appellant's sentence in light of the factors identified in *Winckelmann*, 73 M.J. at 15–16. We conclude that we can.

As appellate military judges, we are familiar with the sentences generally imposed by military judges for the remaining violations. Although the penalty landscape has changed, it has not changed dramatically, and the remaining offenses still capture the gravamen of Appellant's criminal conduct. The military judge sentenced Appellant to one month of confinement for the Article 107, UCMJ, charge that we have set aside. Appellant, however, also received one month and two months' confinement, respectively, for the two distribution

of marijuana specifications, and two months' confinement for attempt to defraud the apartment complex by false pretenses, with each term of confinement to run concurrently. She could have received a bad-conduct discharge and as much as four months of total confinement under the terms of the plea agreement she accepted. Accordingly, we find sentence reassessment is appropriate.

Based on our experience and familiarity with military justice, and taking all pertinent factors into consideration, we are confident that absent the false official statement specification, the adjudged sentence still would have included at least a bad-conduct discharge, two months of confinement, forfeiture of $1,130.00 pay per month for two months, and reduction to the grade of E-1.

## B. Sentence Severity

### 1. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

### 2. Analysis

Appellant contends her sentence to two months' confinement and a bad-conduct discharge is excessive. We disagree and do not find Appellant's sentence inappropriately severe considering the record before us. When Appellant entered into her plea agreement, she knew she could receive a bad-conduct discharge and as much as four months of confinement. Appellant received an appropriate sentence because she not only distributed drugs to other military members, including selling marijuana to another Airman, but she also devised a plan to defraud the administration of her apartment complex in order to gain a personal financial benefit and used another Airman in the implementation of her scheme. After careful consideration of the matters contained in the record of trial which were before the military judge, the nature and seriousness of Appellant's offenses, and her record of service, we find the sentence as adjudged is not inappropriately severe.

### III. CONCLUSION

The findings of guilty as to the Specification of Charge III and Charge III are **SET ASIDE**. The Specification of Charge III and Charge III are **DISMISSED WITH PREJUDICE**. We reassess the sentence to a bad-conduct discharge, confinement for two months, forfeiture of $1,130.00 pay per month for two months, and reduction to the grade of E-1. The findings, as modified, and the sentence, as reassessed, are correct in law and fact, and no additional error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). The findings, as modified, and the sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

FLEMING E. KEEFE, Capt, USAF
Acting Clerk of the Court

7